IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Trynie Ellis, ) | |
| ) | C/A No. 0:15-3322-MBS-KDW |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Harrelson Nissan of South Carolina, LLC; ) | |
| Louis F. Harrelson; and Robert Harrelson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On August 20, 2015, Plaintiff Trynie Ellis ("Plaintiff") brought this action against her former employer, Harrelson Nissan of South Carolina, LLC ("Harrelson Nissan"), and its managing agents, Louis F. Harrelson and Robert Harrelson (collectively "Defendants"), asserting claims of assault, negligent supervision and retention, and wrongful termination in violation of public policy. ECF No. 1-1. Plaintiff also brought claims solely against Harrelson Nissan for harassment, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id.* In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

On August 27, 2015, Defendants filed a Motion to Dismiss, which is currently pending before the court. ECF No. 4. On October 1, 2015, Plaintiff filed a Motion to Amend her original Complaint and a Proposed Amended Complaint ("PAC"), expanding upon existing claims and adding two new claims, slander and tortious interference with contracts. ECF Nos. 11, 11-1. Plaintiff's Motion to Amend is currently pending before the court.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff, who is a female, worked as Controller for the Harrelson Nissan dealership from

March 2010 to October 23, 2013. PAC ¶ 7-8, ECF No. 11-1 at 2. Plaintiff alleges that during the time of her employment, she was subject to gender-based harassment and two instances of assault, committed by fellow co-workers, because of her gender. According to Plaintiff, she launched numerous complaints about her treatment, but Defendants largely ignored these complaints and did not punish or terminate the offending co-workers. *Id.* ¶ 20-62, ECF No. 11-1 at 4-9. Plaintiff was terminated on October 23, 2013. *Id.* ¶ 90, ECF No. 11-1 at 16. Following her termination, Plaintiff sought employment with other dealerships. *Id.* ¶ 98, ECF No. 11-1 at 18. One dealership informed Plaintiff that it would not hire her based on an "allegation that she had embezzeled money from a former employer." *Id.* ¶ 18, ECF No. 11-1 at 4. On July 10, 2015, Plaintiff filed suit in the Court of Common Pleas in York County, South Carolina. Defendants removed the case to this court on August 20, 2015. ECF No. 1. Defendants filed a Motion to Dismiss on August 27, 2015, based on Plaintiff's original Complaint. ECF No. 4. However, Plaintiff filed a Motion to Amend her Complaint on October 1, 2015, ECF No. 11, and submitted a Proposed Amended Complaint for the court to consider. ECF No. 11-1. In light of Plaintiff's PAC, Defendants filed a response in opposition on October 19, 2015 (ECF No. 24), to which Plaintiff filed a reply on October 28, 2015. ECF No. 27.

On January 29, 2016, the Magistrate Judge issued a Report and Recommendation in which she recommended that Plaintiff should be permitted to file her PAC, continuing with her Title VII claims of harassment, retaliation, and wrongful termination; and on her state law claims of slander and tortious interference with contracts. ECF No. 31. The Magistrate Judge recommended that Plaintiff's claims of assault, negligent supervision and retention, and wrongful termination in violation of public policy be dismissed as barred by the exclusivity provision of the South Carolina

2

Workers' Compensation Act ("the Act"). The Magistrate Judge further recommended that Defendants' Motion to Dismiss the original Complaint be denied as moot. *Id.* Defendants filed partial objections to the Report and Recommendation on February 16, 2016 (ECF No. 36), to which Plaintiff filed a reply on March 4, 2016. ECF No. 39.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.*

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave [to amend a pleading] when justice so requires." The Supreme Court has broadly interpreted this rule to allow amended pleadings absent any of the following reasons: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under this broad interpretation, a motion to amend a pleading may still be challenged under futility grounds. A proposed amendment is deemed futile when it is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

To determine the sufficiency of a proposed amended complaint, courts may evaluate the

amendments under the same standard courts evaluate a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (upholding a district court's denial of a motion to amend because the amendment could not withstand a motion to dismiss).  A motion to dismiss for failure to state a claim is evaluated on whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Complaints merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive. *Twombly*, 550 U.S. at 555.

**B.    Recommendations Without Objection**

Neither party filed objections to the Magistrate Judge's recommendations that the following claims be dismissed against Defendants: (1) assault; (2) negligent supervision and retention; and (3) wrongful termination in violation of public policy. Nevertheless, the court has conducted a *de novo* review of the issues and concludes that the Magistrate Judge has properly applied the applicable law.

First, the Magistrate Judge properly found that Plaintiff's assault cause of action should be dismissed. Plaintiff claims that Defendants committed assault by ratifying the acts of two Harrelson Nissan employees, Maurice Sutter and Brian Dancey. According to Plaintiff, Sutter and Dancey assaulted Plaintiff on the premises of Harrelson Nissan, and Defendants "acted affirmatively to ratify" these alleged assaults by retaining Sutter and Dancey and failing to take "appropriate and effective" action against them. PAC ¶ 107-22, ECF No. 11-1 at 19-21. The Magistrate Judge rejected Plaintiff's argument, finding the ratification theory insufficient to overcome a exclusivity provision specifically barring Plaintiff's claim under the South Carolina Workers' Compensation Act. *See* S.C. Code § 42-1-540. The exclusivity provisions sets forth certain types of incidents, including injury,

that are covered by the Act. Courts have interpreted "injury" to include assaults and batteries committed by one employee against another; therefore, the exclusivity provision dictates that claims of assault by one employee against another must be resolved under the Workers' Compensation Act. *See Dickert v. Metro. Life Ins. Co.*, 311 S.C. 218, 220, 428 S.E.2d 700, 701 (1993), as modified on reh'g (Apr. 7, 1993). There is an exception where an assault or battery may be litigated outside the confines of the Act: when an intentional act is committed by an employer or the alter ego of an employer. *Edens v. Bellini,* 359 S.C. 433, 445, 597 S.E.2d 863, 869 (S.C. Ct. App. 2004). Plaintiff argues that the individual defendants, Louis and Robert Harrelson, are alter egos of Harrelson Nissan, and thus they "ratified the assaults by their intentional conduct." ECF No. 27 at 5. Defendants do not contest whether Louis and Robert Harrelson are alter egos of Harrelson Nissan, but they argue that the Harrelsons did not act with intent. ECF No. 5 at 9. The Magistrate Judge agreed with Defendants, finding no intent on the part of the individual Defendants and dismissing Plaintiff's intent-through-ratification theory for lack of persuasive authority. ECF No. 31 at 13, 15. The court agrees with the Magistrate Judge's recommendation that Plaintiff's assault claim should be dismissed.

Second, the Magistrate Judge properly found that Plaintiff's claim of negligent supervision and retention should be dismissed. Plaintiff claims that Defendants were careless and negligent in their duty to exercise due care in supervising and retaining Sutter and Dancey in light of their alleged assaults of Plaintiff. PAC ¶ 123-28, ECF No. 11-1 at 21-23. Once again, the Magistrate Judge found that Plaintiff's claim was limited to the confines of the Workers' Compensation Act and thus barred from litigation. ECF No. 31 at 17. *See  Sabb v. S. Carolina State Univ.*, 350 S.C. 416, 422, 567 S.E.2d 231, 234 (2002) (citing *Dickert*, 311 S.C. at 220) (holding Workers' Compensation Act to

be exclusive remedy for plaintiff's claims of negligent supervision and retention of an employee). Furthermore, a claim of *negligence*, the Magistrate Judge noted, cannot fall under the *intentional* act exception, by definition. ECF No. 31 at 17. The court agrees with the Magistrate Judge's recommendation that Plaintiff's negligent supervision and retention claim should be dismissed.

Third, the Magistrate Judge properly found that Plaintiff's wrongful termination cause of action should be dismissed. Plaintiff argues that she was terminated from her position in violation of South Carolina public policy, ECF No. 27 at 9. Specifically, Plaintiff claims Defendants acted in violation of a South Carolina law stating that it is unlawful to impede a potential witness or impede the administration of justice. *See* S.C. Code § 16-9-340. However, the South Carolina Supreme Court has held that Section 16-9-340 should be read narrowly when used as the basis for a wrongful termination in violation of public policy claim. In *Taghivand v. Rite Aid Corp.*, 768 S.E.2d 385, 387 (S.C. 2015), the supreme court held that Section 16-9-340 could only be used to protect those employees who are potential *witnesses,* rather than employees who are merely reporting a potential crime. *Id.* While reporting a crime may often and eventually transform the reporter into a potential witness, the *Taghivand c*ourt explicitly delineated between the two roles: "Without a more definite statement from the General Assembly that the *reporting of crime* should be protected, we refuse to read such a policy into this statute. *Id.* (emphasis added). Even placing this harsh delineation aside, the supreme court otherwise rejected Taghivand's argument because he read a broad public policy in favor of reporting crimes into the statute, which according to the supreme court, does not exist. Plaintiff first attempts to blur the line between reporting and becoming a potential witness; however, even accepting all of Plaintiff's facts as true, Plaintiff did no more than *report* her alleged assault to police. ECF No. 11-1. Secondly, like Taghivand, Plaintiff reads a broad public policy into Section

6

16-9-340 in which employees are "encourage[d] to report criminal conduct and to make truthful statements to law enforcement." PAC ¶ 131, ECF No. 11-1 at 23. The Magistrate Judge finds that such a broad public policy simply does not exist within the text of the statute. The court agrees with the Magistrate Judge's recommendation that Plaintiff's wrongful termination claim be dismissed.

**C.     Defendants' Partial Objections to Recommendations**

   *1.     Title VII Retaliation*

Defendants assert that the Magistrate Judge erred in finding that Plaintiff should be allowed to proceed beyond the pleadings stage on her claim of retaliation under Title VII. "To establish a prima facie case of retaliation in contravention of Title VII, a plaintiff must prove (1) that she engaged in a protected activity, as well as (2) that her employer took an adverse employment action against her, and (3) that there was a causal link between the two events." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (en banc) (internal quotations omitted). However, to survive a motion dismiss, a plaintiff need not plead a prima facie case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002); instead, a plaintiff need only satisfy the *Iqbal*-pleading standard in alleging sufficient facts to state a claim. *Iqbal,* 556 U.S. at 678.

Starting with the second prong of retaliation, Plaintiff alleges that Defendants took two adverse actions against her: demotion and termination. However, the Magistrate Judge did not find Plaintiff's alleged demotion to be an adverse action because, by Plaintiff's own admission, the threat of demotion was quickly retracted before it could be executed. ECF No. 31 at 27. Plaintiff's termination on October 23, 2011 did, however, constitute an adverse employment action under the Magistrate Judge's findings. *Id.* Defendants, too, concede that terminating Plaintiff constituted an adverse action; however, Defendants argue that Plaintiff failed to allege sufficient facts under prongs

one and three of retaliation. ECF No. 24 at 18.

Plaintiff alleges that she engaged in protected activity by reporting instances of sexual harassment and reporting instances of assault committed by Sutter and Dancey. Defendants, however, reject that Plaintiff's reporting of assaults constitutes protected activity because her reporting was neither in participation of a Title VII proceeding nor in opposition to a Title VII violation. ECF No. 24 at 19. The alleged assaults, Defendants continue, were not motivated by gender, or any other protected category under Title VII, and thus reporting these assaults was not in opposition to a Title VII violation. *Id.* While Defendants are generally correct in their assertion that reporting a non-Title VII violation does not lead to Title VII protection, Defendants take too narrow of a view in considering what constitutes a Title VII violation. The Fourth Circuit has recently held that what constitutes an "unlawful employment action" that a plaintiff may safely oppose under Title VII should be interpreted broadly. *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015) (citing *Boyer–Liberto*, 786 F.3d at 281). The court in *DeMasters* employed a "holistic approach" rather than analyzing an employee's actions as a "series of discrete actions." *Id.* "[V]iewing the individual scenes in their broader context and judging the picture as a whole . . . , the touchstone is whether the plaintiff's course of conduct as a whole (1) communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, and (2) concerns subject matter that is actually unlawful under Title VII or that the employee reasonably believes to be unlawful." *Id.* (citing *Boyer–Liberto*, 786 F.3d at 282). It is clear that Plaintiff viewed the alleged assaults as part of a broader hostile work environment. *See* PAC ¶ 139, ECF No. 11-1 at 24. Therefore the Magistrate Judge properly concluded that Plaintiff's allegations satisfied prong one of retaliation.

As for the third prong, the Magistrate Judge also concluded that Plaintiff had sufficiently alleged a causal link between Plaintiff's protected activity and her termination. Plaintiff alleges a second assault took place on October 11, 2013, and Plaintiff reported the assault the same day. PAC, ¶ 53-56, ECF No. 11-1 at 8-9. On October 23, 2013, Plaintiff was terminated. *Id.* ¶ 90, ECF No. 11-1 at 16. "[A] causal connection for purposes of demonstrating a prima facie case exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity."*Pascual v. Lowe's Home Centers, Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006). The Magistrate Judge properly concluded that the temporal proximity of twelve days was sufficient to satisfy the causal link prong of retaliation. ECF No. 31 at 31-32. Defendants' objection to Plaintiff's being allowed to proceed on her claim of retaliation is without merit.

### 2.   *Title VII Wrongful Termination*

Defendants assert that the Magistrate Judge erred in finding that Plaintiff should be allowed to proceed beyond the pleadings stage on her claim of wrongful termination under Title VII. "[T]he elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012). Here again, Plaintiff is not required to plead a prima facie case but is instead guided by the pleading requirements under *Iqbal*.

Defendant argues that Plaintiff has offered only "naked allegations"that her termination was motivated by gender. ECF No. 36 at 11. Reviewing the issue *de novo*, the court finds that Plaintiff's allegations go beyond naked and conclusory: Plaintiff, a female, performed her job from 2010 to

2013, continually meeting expectations and garnering praise for her performance. PAC ¶ 16-18, ECF No. 11-1 at 3. Over the course of her tenure working for Defendants, Plaintiff was met with gender-based harassment, and she complained about it. *Id.* ¶ 141, ECF No. 1-1 at 25. These complaints were met with hostility and continued harassment. *Id.* ¶ 79-80, ECF No. 11-1 at 14. On October 11, 2013, Plaintiff launched a final complaint in light of being assaulted by a co-worker. *Id.* at ¶ 53-56, ECF No. 11-1 at 8. Less than two weeks later, Plaintiff was terminated on October 23, 2013. *Id.* at ¶ 90, ECF No. 11-1 at 16. These allegations allow the court to draw the reasonable inference that Defendants are liable for wrongful termination in violation of Title VII. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Defendants' objection to Plaintiff's being allowed to proceed on her claim of wrongful termination is without merit.

**D.     Magistrate Judge's Nondispostive Rulings**

Neither party filed objections to the Magistrate Judge's ruling that the following claims be allowed to proceed: (1) Title VII sexual harassment against all defendants, and (2) slander and tortious interference with contracts in violation of state law against Defendant Robert Harrelson. Finding no clear error under 28 U.S. Code § 636(b)(1), the court will not reconsider the Magistrate Judge's ruling.

III.  CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Plaintiff's Motion to Amend, ECF No. 11, is **granted in part, and denied in part**. Plaintiff may proceed on her Title VII claims

of harassment, retaliation, and wrongful termination and on her state law claims of slander and tortious interference with contracts. Plaintiff's Amended Complaint is not to include claims for assault, negligent supervision and retention, or wrongful termination in violation of public policy. Defendant's Motion to Dismiss the original Complaint, ECF No. 4, is **denied as moot.**

**IT IS SO ORDERED.**

                                                       s/ Margaret B. Seymour
                                                       Margaret B. Seymour
                                                       Senior United States District Judge

Columbia, South Carolina

March 21, 2016